BENJAMIN L. WEBSTER, Bar No. 132230
bwebster@littler.com
NATHANIEL H. JENKINS, Bar No. 312067
njenkins@littler.com
LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
Telephone: 916.830.7200
Fax No.: 916.561.0828

Attorneys for Defendant
MUFG UNION BANK, N.A.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRENA BUSCH-STOUT,<br><br>           Plaintiff,<br><br>   v.<br><br>MUFG UNION BANK, N.A. and DOES 1-50, inclusive,<br><br>           Defendant. | Case No.  **'20CV2488 AJB  AHG**<br><br>[San Diego County Superior Court Case No. 37-2020-00044228-CU-CR-NC]<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. § 1441(a)**<br><br>[FEDERAL QUESTION]<br><br>Complaint Filed: November 30, 2020 |

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT UNDER 28 U.S.C. § 1441

**TO THE CLERK OF THE U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant MUFG UNION BANK, N.A. ("Defendant"), removes to this Court the state court action described herein. Defendant removes the captioned action from the Superior Court of the State of California in and for the County of San Diego to the United States District Court, pursuant to 28 U.S.C. sections 1331, 1441, and 1446. This action is a civil action over which this Court has original jurisdiction based on federal question jurisdiction pursuant to 28 U.S.C. section 1331, and is one that may be removed to the Court by Defendant pursuant to 28 U.S.C. § 1441(a).

In support of the Notice of Removal of Civil Action, Defendant alleges the following:

## I.   JURISDICTION

This action is removed pursuant to the procedures found in 28 U.S.C. sections 1441 and 1446, and jurisdiction is based on 28 U.S.C. section 1331, as this case presents the existence of a federal question.

## II.   PROCEDURAL BACKGROUND

Plaintiff TRENA BUSCH-STOUT ("Plaintiff") was a former employee of Defendant. On or about November 30, 2020, Plaintiff filed a Complaint in the Superior Court of the State of California, in and for the County of San Diego, entitled *Trena Busch-Stout v. MUFG Union Bank, N.A., and Does 1-50 inclusive,* designated as Case Number 37-2020-00044228-CU-CR-NC ("Complaint"). *See* Declaration of Nathaniel H. Jenkins ("Jenkins Decl.") at ¶ 2. The Complaint sets forth six causes of action: (1) Race Discrimination in Violation of Title VII of the Civil Rights Act ("Title VII") and the Fair Employment and House Act ("FEHA"); (2) Retaliation For Engaging In Protected Activity Under Title VII; (3) Wrongful Termination in Violation of Public Policy; (4) Intentional Infliction of Emotional Distress; (5) Race Harassment in Violation of the Title VII and the FEHA; and (6) Failure to Prevent Discrimination and Harassment. *See* Jenkins Decl., ¶ 2, Exhibit A. Defendant was served with a copy of the Complaint on December 21, 2020. *Id.*, ¶ 3. Defendant answered Plaintiff's Complaint in San Diego County Superior Court on December 21, 2020, and then filed this Notice of Removal on December 22, 2020. *Id.*

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. § 1441       2.

1  Pursuant to 28 U.S.C. § 1446(a), Exhibits A and B attached to the Jenkins Declaration
2  comprise all copies of process, pleadings, and orders served upon Defendant or filed, received, or
3  served by it in this action. Jenkins Decl., ¶ 4. To Defendant's knowledge no further process, pleadings,
4  or orders related to this case have been filed in San Diego County Superior Court or served by any
5  party. *Id*. As of the date of this Notice of Removal, Defendant is unaware of any other parties who
6  have bene named or served with the summons and Complaint in this action. Jenkins Decl., ¶ 5.

7  **III.  REMOVAL PROCEDURE**

8  **A.  Removal is Timely Because Notice and the Accompanying Pleadings Have Been Filed Within Thirty Days of Plaintiff's Filing of a Pleading Setting Forth a Federal Question**
9

10  An action may be removed from state court by filing a notice of removal, together with
11  a copy of all process, pleadings, and orders served on the defendant, within thirty days after the receipt
12  by the defendant, through service or otherwise, of a copy of the initial pleading setting for the claim
13  for relief.  *See* 28 U.S.C. § 1446(a)-(b). On November 30, 2020, Plaintiff filed her Complaint in San
14  Diego County Superior Court, which sets forth claims expressly arising under federal law. *See* Jenkins
15  Decl., ¶ 2, Exhibit A.  Defendant was served with the Complaint on December 21, 2020. *See id.*, ¶ 3.
16  Therefore, Defendant has timely removed this action within thirty days of December 21, 2020 (as well
17  as within thirty days of November 30, 2020, the date the Complaint was filed in state court).

18  **B.  Venue is Proper in this District Pursuant to the Removal Statute**

19  Venue properly lies in the United States District Court for the Southern District of
20  California, pursuant to 28 U.S.C. sections 84(d) and 1441(a), because Plaintiff originally filed this
21  action in San Diego County Superior Court, which is located within the District and Division of this
22  Court. Venue is also proper pursuant to 28 U.S.C. section 1391(b), given that a substantial part of the
23  events or omissions giving rise to the claim are alleged to have occurred in San Diego County,
24  California. *See* Jenkins Decl., ¶ 2, Exhibit A, ¶¶ 7, 9, 18, and 19.

25  **IV.  FEDERAL QUESTION JURISDICTION**

26  **A.  This Court Has Original Jurisdiction Under Title VII of the Civil Rights Act**

27  This Court has federal question jurisdiction over this action under 28 U.S.C. section
28  1331. Section 1331 confers original jurisdiction on the federal district courts "of all civil actions arising

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT UNDER 28 U.S.C. §
1441

3.

1  under the Constitution, laws, or treaties of the United States."

2  Plaintiff's First, Second, and Fifth Causes of Action set forth in the Complaint arise under and expressly invoke Title VII of the Civil Rights Act of 1964, a federal statute, codified in the United States Code at 42 U.S.C. §§ 2000e, *et seq*. In her First Cause of Action for Race Discrimination, Plaintiff alleges that Defendant violated Title VII, specifically alleging, *inter alia*, that Plaintiff "was one of the few African American[s] in that region, and she was singled out and treated differently because of her race," she "was subjected to racist comments," and she was "treated differently than her Caucasian counterparts" in violation of Title VII. Jenkins Decl., ¶ 2, Exhibit A, ¶¶ 8, 9. Moreover, in Plaintiff's Second Cause of Action, Plaintiff alleges that Defendant violated Title VII by specifically alleging that Plaintiff was retaliated against after testifying in a deposition in a related matter which "was protected activity under Civil Rights-Title VII" *Id*., Exhibit A, ¶ 26. Plaintiff goes on to contend that she "was subjected to constant harassment, subjected to a hostile work environment that rose to an intolerable level," and such harassment was a violation of Title VII. *Id*., Exhibit A, ¶¶ 31, 48 (incorporating prior facts regarding harassment under Fifth Cause of Action for Work Place Harassment in Violation of Title VII). Finally, Plaintiff specifically alleges in her Third Cause of Action for Wrongful Termination in Violation of Public Policy that Defendant's alleged actions, described throughout her Complaint, specifically violated Title VII, among other similar statutes. *See id*., Exhibit A, ¶ 38.

The allegations set forth in Plaintiff's Complaint demonstrate that this is a civil action arising under the laws of the United States because it involves substantial and contested federal issues. Thus, it is a claim over which the district courts of the United States have jurisdiction, without respect to the amount in controversy or the citizenship of the parties.

Additionally, this Court has jurisdiction over Plaintiff's other alleged state law claims pursuant to the doctrine of supplemental jurisdiction under 28 U.S.C. § 1367(a), as they are so related to the federal claim as to form part of the same case or controversy under Article III of the U.S. Constitution. Therefore, this case may be removed to this Court under the provisions of 28 U.S.C. sections 1331 and 1441(a). Accordingly, Defendant respectfully requests that this Court proceed with this matter as if it had been originally filed herein.

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. § 1441

4.

## V. NOTICE OF REMOVAL

Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Southern District of California, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record, Robin Montes-Wood, Law Offices of Robin Montes (1114 Maryland Dr., Vista, CA 92083; robinlaw@cox.net). Jenkins Decl., ¶ 6. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of San Diego. *Id*.

## VI. CONCLUSION AND REQUESTED RELIEF

WHEREFORE, pursuant to 28 U.S.C. section 1441(a), Defendant removes this case from the Superior Court of the State of California in and for the County of San Diego to this Court. Accordingly, Defendant respectfully requests that this Court proceed with this matter as if it had been originally filed herein.

Dated: December 22, 2020

*/s/ Nathaniel H. Jenkins*
BENJAMIN L. WEBSTER
NATHANIEL H. JENKINS
LITTLER MENDELSON, P.C.
Attorneys for Defendant
MUFG UNION BANK, N.A.

4846-1740-0276.1 063093.1065

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. § 1441     5.